# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL LEE DAVIS,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:17-cv-00451-ACA-HNJ |
| **KENNETH FELLS, et al.,** | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Michael Lee Davis, a *pro se* prisoner, filed suit against a number of defendants, alleging that, while he was incarcerated in the Jefferson County Jail, they violated his constitutional rights by failing to provide him with kosher meals. Mr. Davis asserts that Captain David Agree, Sergeant Kenneth Fells, fiscal management supervisor Darryl Tavel, kitchen steward Daphne Parker, and Robert Yarbough (the CEO of Yarbrough Company, which provides inmate food service to the jail), violated his constitutional rights to freely exercise his religion, due process, and equal protection and violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1.

Defendants filed a special report, which the magistrate judge construed as a motion for summary judgment. (Docs. 49, 51). The magistrate judge recommended granting the motion for summary judgment and entering judgment

in favor of Defendants and against Mr. Davis on all counts. (Doc. 57). Mr. Davis objected to parts of the report. (Doc. 59). He did not object to the recommended resolution of his Equal Protection claim or his claims against Mr. Tavel and Mr. Yarbrough. (*See id.*). But he did object to the rest of the report and recommendation on the basis that he needed more time to do discovery, as well as to the magistrate judge's description of some of the facts. (*See id.*).

The court reviews *de novo* the parts of the report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). After reviewing the pleadings and the evidence, the court **OVERRULES** Mr. Davis' objections, **ADOPTS** the report, and **ACCEPTS** the recommendation. The court **WILL DISMISS AS MOOT** Mr. Davis' requests for declaratory and injunctive relief. The court **WILL GRANT** Defendants' motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** in favor of Defendants and against Mr. Davis on all counts for monetary relief.

I. BACKGROUND

In January 2018, Mr. Davis moved to file a second amended complaint. (Doc. 36). The second amended complaint listed five witnesses "who wish[ ] to testify amicus curiae": deputies Stanford, "Duke," Watts, Stapleton, and Finely. (Doc. 36-1 at 5). In February 2018, the magistrate judge granted the motion to amend, making the second amended complaint the operative pleading. (Doc. 37).

In July 2018, Defendants filed a special report contending that they were entitled to summary judgment on all of Mr. Davis' claims. (Doc. 49). On August 31, 2018, the magistrate judge entered an order construing Defendants' special report as a motion for summary judgment. (Doc. 51). The order advised Mr. Davis that he had twenty-one days to respond to the motion for summary judgment with evidence demonstrating the existence of a genuine dispute of material fact. (*Id.*). Mr. Davis moved for a sixty day extension of time so that he could obtain testimony from witnesses. (Doc. 54). The magistrate judge granted the motion for an extension of time and gave Mr. Davis until December 3, 2018, to file his response to the motion for summary judgment. (Doc. 55).

On January 3, 2019—a month after the deadline to respond to the motion for summary judgment—Mr. Davis filed a "motion for subpoena and notification."[1] (Doc. 58). In it, Mr. Davis stated that had not heard anything about his case since September 2018 and that he needed a subpoena form so that he could obtain affidavits from witnesses.[2] (*Id.*). Although Mr. Davis signed that pleading on January 3, 2019, the court did not receive it until January 11, 2019. (*See id.*). In

---

[1] Because Mr. Davis is a *pro se* prisoner, the court uses the "prison mailbox rule" to determine the dates on which he filed any pleadings. *See Houston v. Lack*, 487 U.S. 266 (1988); *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993).

[2] Although the docket sheet reflects that the court had an order returned as undeliverable in November 2018 (*see* doc. 56), it is not the order granting Mr. Davis an extension of time to conduct discovery. Instead, it is the order construing Defendant's special report as a motion for summary judgment. (*Id.*). Mr. Davis undisputedly received that order after the court re-sent it; he filed his motion for an extension of time in response to that order. (*See* Docs. 52, 54).

3

the meantime, on January 4, 2019, the magistrate judge entered the report recommending that the court grant summary judgment in favor of Defendants. (Doc. 57). Mr. Davis then filed his objections to parts of the report and recommendation. (Doc. 59).

## II. DISCUSSION

Mr. Davis contends that the court did not give him an opportunity to obtain the discovery he needed to oppose the motion for summary judgment. (Doc. 59 at 1–2, 4). But Mr. Davis has known about the five deputies he wanted to depose since he filed his proposed second amended complaint in January 2018. (*See* Doc. 36-1 at 5). In other words, by the time he requested subpoena forms in January 2019, he had known for almost a year that he needed to subpoena those witnesses. Mr. Davis' argument that he did not receive the court's order granting him an extension of time does not change the analysis.

In any event, Mr. Davis does not dispute any of the facts supporting the magistrate judge's conclusion that Defendants employed the least restrictive means of furthering compelling penological interests without substantially burdening Mr. Davis' exercise of religion. Although he complains that jail staff failed to fully implement the accommodations, he has not alleged—even in his unsworn objections—that any of the named defendants personally denied him accommodations or that they were aware of any failure to implement the promised

4

accommodations. *See, e.g.*, *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory liability under [42 U.S.C.] § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.").

Finally, Mr. Davis filed a notice indicating that he has been transferred out of the Jefferson County Jail and to a different facility. (*See* Doc. 66). His requests for injunctive and declaratory relief are therefore moot. *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (explaining an inmate's § 1983 claim for injunctive or declaratory relief are moot once the inmate has been transferred to another facility).

For these reasons, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. The court **WILL DISMISS AS MOOT** Mr. Davis' requests for declaratory and injunctive relief. The court **WILL GRANT** Defendants' motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** in favor of Defendants and against Mr. Davis on all claims seeking monetary relief.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this March 18, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE